IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
US DISTRICT COURT
BRUNSWICK DIV.

2013 AUG -9 A 9: 43

CLERK_____
SO. DIST. OF GA.

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: CR213-022 |
| THOMAS L. BLAGMON a/k/a "Ses" | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Thomas Blagmon ("Defendant") has been charged with possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C). Defendant filed a Motion to Suppress, to which the Government responded. The undersigned conducted an evidentiary hearing on this matter on July 16, 2013, at which Special Agent Lorin Coppock with the Bureau of Alcohol, Tobacco and Firearms ("ATF") testified.

## FINDINGS OF FACT

The credible testimony at the hearing establishes the following:

Agent Coppock has been a special agent with ATF for fifteen (15) years. ATF agents were conducting a joint operation with local officials in Long County and Liberty County, Georgia, and organized controlled purchases of controlled substances. On May 16 and June 14, 2012, Agent Coppock arranged controlled purchases of crack cocaine by an informant from Defendant at Defendant's residence in Long County,

Georgia. On each occasion, the informant was given money to make the purchases and was fitted with a recording device, which recorded the audio and video portions of the meetings. Each time, the informant went to Defendant's residence, knocked on the door, and was given entry to the residence. On both occasions, the informant and Defendant remained in a common area of Defendant's residence, and the recording equipment captured the entirety of the two (2) transactions.

Defendant seeks to suppress the video portions of these recordings.[1]

## DISCUSSION AND CITATION TO AUTHORITY

Defendant contends that the video portions of the recordings capturing the two (2) transactions should be suppressed. Defendant asserts that the video portions of the recordings violate state law because the recordings were obtained in a private place without Defendant's consent. Defendant also asserts that, because state officers were present before and after the informant met with Defendants, state law demands suppression of this evidence.

The Government asserts that federal law governs the admissibility of the video evidence, even if the video portions of the recordings may have been obtained in violation of state law. In addition, the Government avers that it does not concede that Defendant's residence was a private place for purposes of this Motion, as the informant was an invitee and Defendant assumed the risk that his invitee would record the transactions.

---

[1] Defendant's counsel stated during the hearing that he was seeking only the suppression of the video portions of these recordings. Thus, the portion of Defendant's Motion seeking the suppression of the audio recordings should be **DISMISSED**. However, the undersigned's research reveals that courts discussing the use of recording devices often mention both audio and video recordings together in their decisions. This research also reveals that the same standards appear to apply, regardless of whether the use of audio and/or video recordings were at issue.

2

Under Georgia law, it is unlawful for "[a]ny person, through the use of any device, without the consent of all persons observed, to observe, photograph, or record the activities of another which occur in any private place and out of public view[.]" O.C.G.A. § 16-11-62(2).[2] However, "it is well settled that federal law governs the admissibility of tape recordings in federal criminal cases, and complaints that the evidence was obtained in violation of state law are of no effect." United States v. Brazel, 102 F.3d 1120, 1154 (11th Cir. 1997) (internal punctuation omitted); United States v. Butera, 677 F.2d 1376, 1380 (11th Cir. 1982) (rejecting the assertion that warrantless tape recordings should have been suppressed under Florida law because state and local officials were involved in the investigation). "It shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception." 18 U.S.C. § 2511(2)(c). In addition, a "defendant has no justifiable expectation of privacy when he speaks with someone acting as a government informant, and is unaware that a

---

[2] "Private place" has been defined as "a place where one is entitled reasonably to expect to be safe from casual or hostile intrusion or surveillance." Atlanta Indep. Sch. Sys. V. S.F. ex rel. M.F., No. 1:09-CV-2166, 2010 WL 4837613, at *2 (N.D. Ga. Nov. 23, 2010) (quoting O.C.G.A. §§ 16-11-60 & -62). The "reasonableness of such an expectation should be governed by the same principles as privacy protections under the Fourth Amendment." Id. (citing Quintrell v. State, 231 Ga. App. 268, 270, 499 S.E.2d 117, 119 (1998)). "Under that analysis, an individual must possess a subjective expectation of privacy that society is prepared to recognize as reasonable." Id. (internal citation omitted). "However, the Supreme Court has long recognized that recording conversations between a confidential informant and a suspect, with the consent of the informant, are not violations of the Fourth Amendment." United States v. White, No. 5:07-CR-16, 2007 WL 3027397, at *1 (M.D. Ga. Oct. 15, 2007) (citing United States v. White, 401 U.S. 745 (1971)). "A "defendant has no justifiable expectation of privacy when he speaks with someone acting as a government informant[ ]and is unaware that a recording device is concealed in the room. As long as one of the parties to a conversation knows of and consents to the recording, the Fourth Amendment is not violated when the government records the exchange and uses the evidence so gathered in a subsequent criminal prosecution." Id. (internal citation omitted). Thus, under controlling case law, Defendant would not have had a reasonable expectation of privacy such that the video recording of the controlled purchases would be subject to suppression.

AO 72A
(Rev. 8/82)

recording device is concealed in the room." United States v. Laetividal-Gonzalez, 939 F.2d 1455, 1460-61 (11th Cir. 1991), *overruled on other grounds by* United States v. Giltner, 972 F.2d 1563 (11th Cir. 1992). "Thus, all that is required to record a conversation with no expectation of privacy is the consent of one of the parties." Cass v. United States, No. 1:07-cr-00035, 2012 WL 1642045 (N.D. Ala. May 7, 2012) (citing United States v. White, 401 U.S. 745, 751–53 (1971)). When a person voluntarily engages in conversations and/or transactions with a confidential informant, that person takes "the risk that the contents of the conversations would be revealed to the authorities and would incriminate [him]." Laetividal-Gonzalez, 939 F.2d at 1461.

The informant who captured the video recordings of the controlled purchases with Defendant was acting at the behest of federal and state authorities. Based on Coppock's testimony, the informant agreed to record the audio and video aspects of these controlled buys. Under applicable federal law, Defendant had no reasonable expectation of privacy during the two (2) controlled purchases of crack cocaine. Accordingly, the video recordings were obtained lawfully under federal law.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion to Suppress the video recordings be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 9th day of August, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

4